UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAFAEL L. WALKER,

    Petitioner,

    v.       CAUSE NO. 3:22-CV-482-MGG

WARDEN,

    Respondent.

## ORDER

Rafael L. Walker, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-20-3-224) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of assaulting staff in violation of Indiana Department of Correction Offense 117. Following a hearing, he was sanctioned with a loss of one hundred eighty days earned credit time and a demotion in credit class.

In the motion to dismiss, the Warden argues that Walker cannot proceed on his habeas petition because he did not exhaust his administrative remedies. Generally, State prisoners must exhaust available State court remedies to obtain habeas relief in federal court. 28 U.S.C. § 2254(b). However, "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002).

Under the applicable departmental policy, inmates may appeal disciplinary decisions to the Warden or a facility designee. ECF 14-9 at 53-55. If inmates are not satisfied with the results of the first appeal, they may submit a second appeal to the Appeal Review Officer designated the by department commissioner. *Id.* According to the electronic database maintained by the Indiana Department of Correction, Walker did not submit a second appeal to the Appeal Review Officer in connection with the disciplinary decision that is the subject of this case. ECF 14-5. Based on the foregoing, the court finds that the administrative appeal process was available to Walker but that he did not complete it. Consequently, the claims in the petition are procedurally defaulted, and Walker offers no basis to excuse the procedural default. On this basis, the motion to dismiss is granted.

If Walker wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) GRANTS the motion to dismiss (ECF 14);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Rafael L. Walker leave to proceed in forma pauperis on appeal.

SO ORDERED on December 16, 2022

                    s/ Michael G. Gotsch, Sr.  
                    Michael G. Gotsch, Sr.  
                    United States Magistrate Judge